FILED

2020 MAR -2 AM II: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
GREGORY W. STAPLES (Cal. Bar No. 155505)
Assistant United States Attorney
    United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3535
    Facsimile: (714) 338-3523
    Email:    greg.staples@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

                v.

DAVID LEE PARRISH,

            Defendant.

No. SACR20-00035-JLS

PLEA AGREEMENT

1.     This constitutes the plea agreement between David Lee Parish ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.     Defendant agrees to:

    a.     Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form

attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371.

     b.   Not contest facts agreed to in this agreement.

     c.   Abide by all agreements regarding sentencing contained in this agreement.

     d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

     e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

     f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

     g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

3.   Defendant further agrees to cooperate fully with the USAO, the FBI, and the IRS, and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

     a.   Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b.    Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c.    Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.    For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement or pursuant to the letter agreement previously entered into by the parties dated August 30, 3019 (the "Letter Agreement"); and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

THE USAO'S OBLIGATIONS

5.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing

Guidelines range, provided that the offense level used by the Court to determine that range is 16 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

6.    The USAO further agrees:

a.    Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any sentencing proceeding in any criminal case that may be brought against defendant by the USAO, any Cooperation Information. Defendant agrees, however, that the USAO may use both Cooperation Information and Plea Information: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of defendant; (2) to cross-examine defendant should defendant testify, or to rebut any evidence offered, or argument or representation made, by defendant, defendant's counsel, or a witness called by defendant in any trial, sentencing hearing, or other court proceeding; and (3) in any criminal prosecution of defendant for false statement, obstruction of justice, or perjury.

b.    Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that

4

1   Cooperation Information not be used in determining the applicable

2   guideline range or the sentence to be imposed.  Defendant

3   understands, however, that Cooperation Information will be disclosed

4   to the United States Probation and Pretrial Services Office and the

5   Court, and that the Court may use Cooperation Information for the

6   purposes set forth in U.S.S.G § 1B1.8(b) and for determining the

7   sentence to be imposed.

8         c.    In connection with defendant's sentencing, to bring to

9   the Court's attention the nature and extent of defendant's

10   cooperation.

11         d.    If the USAO determines, in its exclusive judgment,

12   that defendant has both complied with defendant's obligations under

13   paragraphs 2 and 3 above and provided substantial assistance to law

14   enforcement in the prosecution or investigation of another

15   ("substantial assistance"), to move the Court pursuant to U.S.S.G.

16   § 5K1.1 to fix an offense level and corresponding guideline range

17   below that otherwise dictated by the sentencing guidelines, and to

18   recommend a term of imprisonment within this reduced range.

19              DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

20       7.   Defendant understands the following:

21         a.    Any knowingly false or misleading statement by

22   defendant will subject defendant to prosecution for false statement,

23   obstruction of justice, and perjury and will constitute a breach by

24   defendant of this agreement.

25         b.    Nothing in this agreement requires the USAO or any

26   other prosecuting, enforcement, administrative, or regulatory

27   authority to accept any cooperation or assistance that defendant may

28   offer, or to use it in any particular way.

c.   Defendant cannot withdraw defendant's guilty plea if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a reduced guideline range or if the USAO makes such a motion and the Court does not grant it or if the Court grants such a USAO motion but elects to sentence above the reduced range.

d.   At this time the USAO makes no agreement or representation as to whether any cooperation that defendant has provided or intends to provide constitutes or will constitute substantial assistance.  The decision whether defendant has provided substantial assistance will rest solely within the exclusive judgment of the USAO.

e.   The USAO's determination whether defendant has provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

NATURE OF THE OFFENSE

8.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy, in violation of Title 18, United States Code, Section 371, the following must be true: First, beginning in or about November 2018, and ending in or about March 2019, there was an agreement between two or more persons to commit wire fraud; second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it, or with reckless indifference became a member of the conspiracy; and third, one of the members of the conspiracy performed at least one overt act in or after November 2018 for the purpose of carrying out the conspiracy.  Defendant understands that

6

for defendant to be guilty of wire fraud, in violation of Title 18,

United States Code, Section 1343, the following must be true: (1)

defendant made up, or knowingly participated in, or with reckless

disregard of the truth participated in, a scheme or plan for

obtaining money or property by making false promises or statements;

(2) defendant knew or should have known that the promises or

statements were false; (3) the promises or statements were material,

that is, they would reasonably influence a person to part with money

or property; (4) defendant acted with the intent to defraud or with

reckless disregard to the truth ; and (5) the defendant used, or

caused to be used, interstate wires to carry out an essential part of

the scheme.  Defendant admits that he is guilty as charged in count

one of the Information.

### PENALTIES AND RESTITUTION

9.   Defendant understands that the statutory maximum sentence

that the Court can impose for a violation of Title 18, United States

Code, Section 371, is: 5 years imprisonment; a 3-year period of

supervised release; a fine of $250,000 or twice the gross gain or

gross loss resulting from the offense, whichever is greatest; and a

mandatory special assessment of $100.

10.   Defendant understands that supervised release is a period

of time following imprisonment during which defendant will be subject

to various restrictions and requirements.  Defendant understands that

if defendant violates one or more of the conditions of any supervised

release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the

offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. The parties currently believe that the applicable amount of restitution is approximately $166,574.10, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that

1    unanticipated collateral consequences will not serve as grounds to

2    withdraw defendant's guilty plea.

3        13.   Defendant understands that, if defendant is not a United

4    States citizen, the felony conviction in this case may subject

5    defendant to: removal, also known as deportation, which may, under

6    some circumstances, be mandatory; denial of citizenship; and denial

7    of admission to the United States in the future.   The Court cannot,

8    and defendant's attorney also may not be able to, advise defendant

9    fully regarding the immigration consequences of the felony conviction

10   in this case.   Defendant understands that unexpected immigration

11   consequences will not serve as grounds to withdraw defendant's guilty

12   plea.

13                          FACTUAL BASIS

14       14.   Defendant admits that defendant is, in fact, guilty of the

15   offense to which defendant is agreeing to plead guilty.   Defendant

16   and the USAO agree to the statement of facts provided below and agree

17   that this statement of facts is sufficient to support a plea of

18   guilty to the charge described in this agreement and to establish the

19   Sentencing Guidelines factors set forth in paragraph 16 below but is

20   not meant to be a complete recitation of all facts relevant to the

21   underlying criminal conduct or all facts known to either party that

22   relate to that conduct.

23       Beginning in or about November 2018, defendant entered into

24       an agreement with Individual A where he knew or should have

25       known that he would be engaged in a scheme to defraud investors

26       through the Church of the Healthy Self ("CHS") and related

27       entities.   CHS is a Texas non-profit corporation formed on

28       September 11, 2014.   CHS Asset Management, Inc. ("CHS AM"), is a

                                    9

1   Texas for-profit corporation formed on September 20, 2017. CHS
2   and CHS AM were created and controlled by Individual A, who
3   claimed to be the Pastor for CHS. In November 2018, defendant
4   was named the Chief Executive Officer and Director of the CHS
5   Trust, the investment arm of CHS. Defendant appeared on
6   television and in live seminars at CHS offices in Westminster,
7   California, soliciting investments in CHS Trust. Recordings of
8   these appearances were often uploaded to YouTube. In these
9   appearances, defendant made the following claims: (1) that CHS
10  Trust guaranteed an annual rate of return of 12%; (2) guaranteed
11  return of principal with no risk because the investments were
12  backed by the FDIC and SIPC (Securities Investor Protection
13  Program); (3) that in the past five years the worst return CHS
14  realized was a 1.5% profit for the month of January 2015; (5)
15  that the traders used by CHS had not lost money in 15 years; (6)
16  that CHS was audited by KPMG; and (7) that defendant himself was
17  an experienced Wall Street trader.
18      At the time defendant made these statements, he knew or
19  should have known the statements were false or misleading. In
20  fact, CHS did not produce a 12% annual return; despite millions
21  of dollars deposited from CHS investors, little investor money
22  went into any trading accounts in 2018; CHS Asset Management was
23  not formed until 2017, thus the statements regarding the
24  investment performance over the past five years and fifteen
25  years were misleading; CHS was not audited by KPMG; and
26  defendant was not an experienced Wall Street trader. In
27  addition, defendant knew and failed to disclose that Individual
28  A was convicted of wire fraud in connection with an investment

1   fraud scheme in 2011 and was in prison until 2014.  Defendant

2   also knew and failed to disclose that Individual A was

3   permanently banned from the commodities industry by the

4   Commodity Futures Trading Commission.

5          In furtherance of the scheme, on February 19, 2019,

6   defendant appeared on a local Vietnamese television channel in

7   Orange County in which he claimed he was the Director of CHS

8   Trust, that CHS Trust offered a 12% guaranteed return on

9   investments, that the worst month in the last five years was

10  1.5% return in January 2015, and investors would receive a 100%

11  principal return with zero risk because the funds were backed by

12  the FDIC and SIPC.  Defendant invited viewers to attend a

13  seminar at CHS offices in Westminster, California.

14                         SENTENCING FACTORS

15        15.  Defendant understands that in determining defendant's

16  sentence the Court is required to calculate the applicable Sentencing

17  Guidelines range and to consider that range, possible departures

18  under the Sentencing Guidelines, and the other sentencing factors set

19  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

20  Sentencing Guidelines are advisory only, that defendant cannot have

21  any expectation of receiving a sentence within the calculated

22  Sentencing Guidelines range, and that after considering the

23  Sentencing Guidelines and the other § 3553(a) factors, the Court will

24  be free to exercise its discretion to impose any sentence it finds

25  appropriate up to the maximum set by statute for the crime of

26  conviction.

27        16.  Defendant and the USAO agree to the following applicable

28  Sentencing Guidelines factors:

                                  11

| | | | |
|---|---|---|---|
| Base Offense Level: | | 6 | U.S.S.G. § 2X1.1/2B1.1(a)(1) |
| Specific Offense Characteristics | | | |
| Loss > $150,000 | | 10 | U.S.S.G. § 2B1.1(b)(F) |
| > 10 victims | | 2 | U.S.S.G. § 2B1.1(b)(2)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

### WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

  a. The right to persist in a plea of not guilty.

  b. The right to a speedy and public trial by jury.

  c. The right to be represented by counsel – and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel - at every other stage of the proceeding.

  d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1       e.    The right to confront and cross-examine witnesses

2  against defendant.

3       f.    The right to testify and to present evidence in

4  opposition to the charges, including the right to compel the

5  attendance of witnesses to testify.

6       g.    The right not to be compelled to testify, and, if

7  defendant chose not to testify or present evidence, to have that

8  choice not be used against defendant.

9       h.    Any and all rights to pursue any affirmative defenses,

10  Fourth Amendment or Fifth Amendment claims, and other pretrial

11  motions that have been filed or could be filed.

12                    WAIVER OF APPEAL OF CONVICTION

13       20.   Defendant understands that, with the exception of an appeal

14  based on a claim that defendant's guilty plea was involuntary, by

15  pleading guilty defendant is waiving and giving up any right to

16  appeal defendant's conviction on the offense to which defendant is

17  pleading guilty.  Defendant understands that this waiver includes,

18  but is not limited to, arguments that the statute to which defendant

19  is pleading guilty is unconstitutional, and any and all claims that

20  the statement of facts provided herein is insufficient to support

21  defendant's plea of guilty.

22                LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23       21.   Defendant agrees that, provided the Court imposes a term of

24  imprisonment within or below the range corresponding to an offense

25  level of 15 and the criminal history category calculated by the

26  Court, defendant gives up the right to appeal all of the following:

27  (a) the procedures and calculations used to determine and impose any

28  portion of the sentence, with the exception of the Court's

                                    13

calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $166,574.10; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22. The USAO agrees that, provided the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 15 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $166,574.10.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its

14

1  obligations under this agreement, including in particular its
2  obligations regarding the use of Cooperation Information; (b) in any
3  investigation, criminal prosecution, or civil, administrative, or
4  regulatory action, defendant agrees that any Cooperation Information
5  and any evidence derived from any Cooperation Information shall be
6  admissible against defendant, and defendant will not assert, and
7  hereby waives and gives up, any claim under the United States
8  Constitution, any statute, or any federal rule, that any Cooperation
9  Information or any evidence derived from any Cooperation Information
10 should be suppressed or is inadmissible.

11                    EFFECTIVE DATE OF AGREEMENT

12      24.  This agreement is effective upon signature and execution of
13 all required certifications by defendant, defendant's counsel, and an
14 Assistant United States Attorney.

15                      BREACH OF AGREEMENT

16      25.  Defendant agrees that if defendant, at any time after the
17 signature of this agreement and execution of all required
18 certifications by defendant, defendant's counsel, and an Assistant
19 United States Attorney, knowingly violates or fails to perform any of
20 defendant's obligations under this agreement ("a breach"), the USAO
21 may declare this agreement breached.  For example, if defendant
22 knowingly, in an interview, before a grand jury, or at trial, falsely
23 accuses another person of criminal conduct or falsely minimizes
24 defendant's own role, or the role of another, in criminal conduct,
25 defendant will have breached this agreement.  All of defendant's
26 obligations are material, a single breach of this agreement is
27 sufficient for the USAO to declare a breach, and defendant shall not
28 be deemed to have cured a breach without the express agreement of the

                                15

USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a.    If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

b.    The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; and (ii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

c.    The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

d.    In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation

Information, any Plea Information, or any evidence derived from any
Cooperation Information or any Plea Information should be suppressed
or is inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

26.  Defendant understands that the Court and the United States
Probation and Pretrial Services Office are not parties to this
agreement and need not accept any of the USAO's sentencing
recommendations or the parties' agreements to facts or sentencing
factors.

27.  Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 16 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions

17

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

29.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.   The parties agree that this agreement will be considered

////

////

////

////

////

////

////

////

////

////

1  part of the record of defendant's guilty plea hearing as if the

2  entire agreement had been read into the record of the proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
5  CALIFORNIA

6  NICOLA T. HANNA
   United States Attorney

7

8  _____        2/24/2020
   GREGORY W. STAPLES                     Date
9  Assistant United States Attorney

10 _____        1/16/20
   DAVID LEE PARISH                       Date
11 Defendant

12 _____        1/16/2020
   ELIOT KRIEGER                          Date
13 Attorney for Defendant David Lee
   Parrish

14

15

16                 CERTIFICATION OF DEFENDANT

17      I have read this agreement in its entirety.  I have had enough

18 time to review and consider this agreement, and I have carefully and

19 thoroughly discussed every part of it with my attorney.  I understand

20 the terms of this agreement, and I voluntarily agree to those terms.

21 I have discussed the evidence with my attorney, and my attorney has

22 advised me of my rights, of possible pretrial motions that might be

23 filed, of possible defenses that might be asserted either prior to or

24 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

25 of relevant Sentencing Guidelines provisions, and of the consequences

26 of entering into this agreement.  No promises, inducements, or

27 representations of any kind have been made to me other than those

28 contained in this agreement.  No one has threatened or forced me in

                                19

1 | any way to enter into this agreement.  I am satisfied with the
2 | representation of my attorney in this matter, and I am pleading
3 | guilty because I am guilty of the charges and wish to take advantage
4 | of the promises set forth in this agreement, and not for any other
5 | reason.
6 |
7 | DAVID LEE PARRISH                          Date  1/16/20
    | Defendant
8 |
9 |              CERTIFICATION OF DEFENDANT'S ATTORNEY
10 |     I am David Lee Parish's attorney.  I have carefully and
11 | thoroughly discussed every part of this agreement with my client.
12 | Further, I have fully advised my client of his rights, of possible
13 | pretrial motions that might be filed, of possible defenses that might
14 | be asserted either prior to or at trial, of the sentencing factors
15 | set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
16 | provisions, and of the consequences of entering into this agreement.
17 | To my knowledge: no promises, inducements, or representations of any
18 | kind have been made to my client other than those contained in this
19 | agreement; no one has threatened or forced my client in any way to
20 | enter into this agreement; my client's decision to enter into this
21 | agreement is an informed and voluntary one; and the factual basis set
22 | forth in this agreement is sufficient to support my client's entry of
23 | a guilty plea pursuant to this agreement.
24 |
25 | ELIOT KRIEGER                              Date  1/16/2020
    | Attorney for Defendant David Lee
26 | Parrish
27 |
28 |

                              20